IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| NEPHTALI DELEON §<br>   Plaintiff, §<br> §<br>         v. §<br> §<br>CITY OF SAN ANTONIO, TEXAS §<br>and KRYSTAL JONES §<br>   Defendants. § | No. 5:24-CV-00849-XR |

## DEFENDANT CITY OF SAN ANTONIO'S ANSWER

TO THE HONORABLE XAVIER RODRIGUEZ:

COMES NOW Defendant City of San Antonio (City), subject to ruling on its previously-filed motion to dismiss, and makes this answer to Plaintiff Nephtali De Leon's Complaint and would show:

1. De Leon filed this cause on August 2, 2024. **Dkt.1**.

2. De Leon invokes the Court's federal question jurisdiction over his First Amendment claims and supplemental jurisdiction over his defamation and breach of contract claims. 28 U.S.C. §§ 1331, 1367. The City denies the court's jurisdiction over the federal question, because none is plausibly pled, and the defamation claim because the Texas legislature has not waived the City's immunity for that claim. The City denies that immunity has been fully waived for Plaintiff's breach of contract claim.

3. The City denies the allegations in Paragraphs 10, 14, 15, 16, 22, 49, 52, 53, 59, 65, 68, 78, 85, 86 (except last sentence), 87, 92, 95, 102, 103, 104, 106, 115, 116, 117, 118, 130, 147, 154, 155, 156, 157, 158, 159, 160, 168, 169, 170, 172, 175,

177, 179, 180, 182, 183, 184, 185, 186, 187, 191, 193, 194, 196, and 197 of Plaintiff's Complaint.

4.      The City admits the allegations in Paragraphs 9, 17, 18, 19, 20, 21, 33, 40, 41, 42, 43, 45, 46, 47, 48, 50, 51, 54, 55, 57, 58, 61, 63, 91, 93, 94, 97, 98, 99, 100, 107, 108, 109, 114, 126, 190, 192, and 195 of Plaintiff's Complaint.

5.      The City lacks knowledge or information sufficient to form a belief as to the truth of the statements in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 13, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 62, 66, 67, 69, 70, 71, 74, 77, 80, 81, 82, 83, 84, 86 (last sentence), 88, 96, 112, 119, 122, 123, 124, 125, 127, 128, 129, 133, 134, 135, 136, 137, 142, 143, 144, 146, 178, and 181 of Plaintiff's Complaint, and the allegations in these paragraphs should be considered to be denied. FED. R. CIV. P. 8(b)(5).

6.      The matters alleged in Paragraphs 149, 150, 151, 152, 153, 162, 163, 164, 165, 166, 167, 171, 174, and 189 of Plaintiff's Complaint pertain to entitlement to or the amount of damages or Plaintiff's legal arguments, do not require responsive pleading, and should be considered as denied. FED. R. CIV. P. 8(b)(6).

7.      The City admits it terminated its poet laureate contract with De Leon on August 14, 2023, that De Leon penned an unidentified poem that contained a racial slur, and that the City released the statement partially quoted in Paragraphs 11, 105, and 176 of the Complaint, and denies the balance of allegations in those paragraphs.

8. The City admits that De Leon used the racial slur he identified in the first sentence of Paragraph 12 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and fourth sentences, and denies the balance of allegations in that paragraph.

9. The City denies the allegations in the first sentence of Paragraph 44 of the Complaint and admits the allegations in the second sentence.

10. The City generally admits the allegations in Paragraph 56 of the Complaint but denies that the allegations in the paragraph contain all cause for contract termination. See Dkt.1 ¶54.

11. The City admits that Plaintiff was required to comply with the City's anti-discrimination policy as alleged in Paragraph 60 of the Complaint but denies the balance of allegations in that paragraph.

12. The City admits that Plaintiff posted a poem on his public Facebook page on August 1, 2023, regarding Dr. Rodriguez as alleged in Paragraph 63 of the Complaint but lacks knowledge or information sufficient to form a belief as to the truth of the balance of allegations in that paragraph.

13. Plaintiff attached Facebook posts and/or other electronic communications to his Complaint and referred to them in Paragraphs 70, 71, 72, 73, 75, 76 and 79. In these paragraphs and others Plaintiff explains what he thinks certain words and phrases mean and what he wants others to think he meant when he used them. The City is without knowledge or information sufficient to form a belief as to the truth or sincerity of Plaintiff's interpretation of the racially

derogatory term or his explanation why he used it, but the City specifically denies it had any obligation to believe or adopt them. The Plaintiff's interpretations and explanations are irrelevant to the City's own interpretations and actions.

14. The City admits that Jones did not identify a poem during her meeting with De Leon as alleged in Paragraph 89 of the Complaint but lacks information or knowledge sufficient to form a belief as to the truth of the rest of the allegations in that paragraph.

15. The City admits that Jones used language to avoid delay to begin her meeting with De Leon and eventually told him the contract would be terminated as alleged in Paragraph 90 of the Complaint but lacks information or knowledge sufficient to form a belief as to the truth of the rest of the allegations in that paragraph.

16. The City admits that Plaintiff was not provided 15 days to cure default under Section 7.4 of the Agreement, as alleged in Paragraph 102 of the Complaint and denies the balance of allegations therein.

17. The City cannot admit or deny the conclusory allegations in Paragraph 110 of the Complaint but generally admits the termination of De Leon's contract was reported by more than one media outlet.

18. The City admits the allegation in the first sentence and denies the allegations in the second sentence of Paragraph 111 of the Complaint.

19. The City admits the allegations in the first sentence of Paragraph 113 of the Complaint and denies the balance of allegations therein.

20. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of Paragraph 120 of the Complaint and denies the balance of allegations therein.

21. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of Paragraph 121 of the Complaint and denies the balance of allegations therein.

22. The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraphs 131 and 132 of the Complaint but admits the statements are accurately ascribed to an article in the San Antonio Report.

23. The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraphs 138, 139, 140 and 141 of the Complaint but admits the statements are accurately ascribed to correspondence, attached to the Complaint, that appears to be from Gabriel Quintero Velasquez to Plaintiff.

24. The City generally admits that its understanding generally tracks the allegations in Paragraph 145 of the Complaint but cannot locate a mission statement of The Links, Inc. with the exact language quoted in the paragraph.

25. Paragraphs 148, 161, 173, and 188 of the Complaint "incorporate by reference" everything preceding them. These allegations should be disregarded because they are not plausibly-pleaded. Nonetheless, the City adopts and incorporates all responsive pleadings thereto in a corresponding manner.

26. As to Plaintiff's tort claims, the City invokes governmental immunity from suit, liability and damages.

27. As to Plaintiff's breach of contract claim, the City invokes the protections in Chapter 271.151, *et seq.*, of the Texas Local Government Code.

28. The City avers that it has twice attempted to pay Plaintiff all amounts due and owing under the poet laureate contract, but Plaintiff has refused or ignored payment.

29. The City pleads the affirmative defenses of accord and satisfaction, estoppel, laches, payment, license, and waiver.

30. The City pleads the Plaintiff's contributory fault.

31. The City denies, and intends to deny, each and every fact and contention in the Complaint that in any way reasonably may be inferred to suggest it is more likely – more likely, that is, than in the absence of such fact, contention or the inferences drawn from them – than not that the City is liable to Plaintiff under any theory of recovery or that Plaintiff suffered any damages attributable to the City. To the extent that this Answer contains any admission or failure to deny any allegation by Plaintiff inconsistent with the City's denial and intent as expressed in this paragraph, then this paragraph prevails, and the allegation is denied.

WHEREFORE, PREMISES CONSIDERED, the City prays that judgment be entered that Plaintiff take nothing and that the City recover all relief to which it may be entitled including its costs and litigation expenses.

          Respectfully Submitted,

_____
SHAWN FITZPATRICK
FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283
(210) 408-6793
skf@fitzkoslaw.com
State Bar No. 00787474
*ATTORNEY FOR THE CITY OF SAN ANTONIO*

## CERTIFICATE OF SERVICE

    I certify service of this instrument upon the following person(s) using the mandatory electronic filing and service system used by this Court on this the 3rd day of September, 2024:

Margaret A. Little
Casey Norman
Jenin Younes
Margaret A. Little

_____
SHAWN FITZPATRICK