IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NEPHTALI DELEON<br>　Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 5:24-CV-00849-XR |
| | § | |
| CITY OF SAN ANTONIO, TEXAS<br>and KRYSTAL JONES<br>　Defendants. | §<br>§<br>§<br>§ | |

### DEFENDANT CITY OF SAN ANTONIO'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

TO THE HONORABLE XAVIER RODRIGUEZ:

COMES NOW Defendant City of San Antonio (City), subject to ruling on its previously-filed motion to dismiss Plaintiff's Amended Complaint (Complaint), and makes this answer to Plaintiff Nephtali De Leon's Amended Complaint [Dkt.10] and Counterclaim for Declaratory Judgment and would show:

1. De Leon filed this cause on August 2, 2024. Dkt.1.

2. De Leon invokes the Court's federal question jurisdiction over his First and 14th Amendment claims and supplemental jurisdiction over his defamation and breach of contract claims. 28 U.S.C. §§ 1331, 1367. The City denies the court's jurisdiction over the federal question, because none is plausibly pled, and the defamation claim because the Texas legislature has not waived the City's immunity for that claim. The City denies that immunity has been fully waived for Plaintiff's breach of contract claim.

3. The City denies the allegations in Paragraphs 10, 14, 15, 16, 22, 51, 54, 55, 61, 67, 70, 80, 87, 88 (except last sentence), 89, 94, 97, 103, 104, 105, 106, 108, 118, 119, 120, 121, 133, 150, 157, 158, 159, 160, 161, 162, 163, 171, 172, 173, 175, 183, 185, 187, 188, 190, 191, 192, 193, 194, 195, 199, 201, 202, 204, and 205 of Plaintiff's Complaint.

4. The City admits the allegations in Paragraphs 9, 17, 18, 19, 20, 21, 33, 40, 41, 43, 44, 46, 47, 48, 49, 50, 52, 53, 56, 57, 59, 60, 63, 65, 66, 93, 95, 96, 99, 100, 101, 102, 109, 110, 111, 116, 129, 198, 200, and 203 of Plaintiff's Complaint.

5. The City lacks knowledge or information sufficient to form a belief as to the truth of the statements in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 13, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 64, 68, 69, 71, 72, 73, 76, 79, 82, 83, 84, 85, 86, 86 (last sentence), 90, 98, 114, 122, 125, 126, 127, 128, 130, 131, 132, 136, 137, 138, 139, 140, 145, 146, 147, 149, 186, and 189 of Plaintiff's Complaint, and the allegations in these paragraphs should be considered to be denied. FED. R. CIV. P. 8(b)(5).

6. The matters alleged in Paragraphs 42, 152, 153, 154, 155, 156, 165, 166, 167, 168, 169, 170, 174, 177, 178, 179, 180, 181, 182 and 197 of Plaintiff's Complaint pertain to entitlement to or the amount of damages or Plaintiff's legal arguments, do not require responsive pleading, and should be considered as denied. FED. R. CIV. P. 8(b)(6).

7. The City admits it terminated its poet laureate contract with De Leon on August 14, 2023, that De Leon penned an unidentified poem that contained a

racial slur, and that the City released the statement partially quoted in Paragraphs 11, 107, and 184 of the Complaint, and denies the balance of allegations in those paragraphs.

8. The City admits that De Leon used the racial slur he identified in the first sentence of Paragraph 12 of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and fourth sentences, and denies the balance of allegations in that paragraph.

9. The City denies the allegations in the first sentence of Paragraph 44 of the Complaint and admits the allegations in the second sentence.

10. The City generally admits the allegations in Paragraph 58 of the Complaint but denies that the allegations in the paragraph contain all cause for contract termination. See Dkt.1 ₱54.

11. The City admits that Plaintiff was required to comply with the City's anti-discrimination policy as alleged in Paragraph 62 of the Complaint but denies the balance of allegations in that paragraph.

12. The City admits that Plaintiff posted a poem on his public Facebook page on or about August 1, 2023, regarding Dr. Rodriguez as alleged in Paragraph 63 of the Complaint but lacks knowledge or information sufficient to form a belief as to the truth of the balance of allegations in that paragraph.

13. Plaintiff attached Facebook posts and/or other electronic communication excerpts to his Complaint and referred to them in Paragraphs 70, 71, 74, 75, 77, 78 and 81. In these paragraphs and others Plaintiff explains what he

thinks certain words and phrases mean and what he wants others to think he meant when he used them. The City is without knowledge or information sufficient to form a belief as to the truth or sincerity of Plaintiff's interpretation of the racially derogatory term or his explanation why he used it, but the City specifically denies it had any obligation to believe or adopt them. The Plaintiff's interpretations and explanations are irrelevant to the City's own interpretations and actions.

14. The City admits that Jones did not identify a poem during her meeting with De Leon as alleged in Paragraph 91 of the Complaint but lacks information or knowledge sufficient to form a belief as to the truth of the rest of the allegations in that paragraph.

15. The City admits that Jones used language to avoid delay to begin her meeting with De Leon and eventually told him the contract would be terminated as alleged in Paragraph 92 of the Complaint but lacks information or knowledge sufficient to form a belief as to the truth of the rest of the allegations in that paragraph.

16. The City admits that Plaintiff was not provided 15 days to cure default under Section 7.4 of the Agreement, as alleged in Paragraph 104 of the Complaint and denies the balance of allegations therein.

17. The City cannot admit or deny the conclusory allegations in Paragraph 112 of the Complaint but generally admits the termination of De Leon's contract was reported by more than one media outlet.

18. The City admits the allegation in the first sentence and denies the allegations in the second sentence of Paragraph 113 of the Complaint.

19. The City admits the allegations in the first sentence of Paragraph 115 of the Complaint and denies the balance of allegations therein.

20. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of Paragraph 123 of the Complaint and denies the balance of allegations therein.

21. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of Paragraph 124 of the Complaint and denies the balance of allegations therein.

22. The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraphs 134 and 135 of the Complaint but admits the statements are accurately ascribed to an article in the San Antonio Report.

23. The City lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraphs 141, 142, 143 and 144 of the Complaint but admits the statements are accurately ascribed to correspondence, attached to the Complaint, that appears to be from Gabriel Quintero Velasquez to Plaintiff.

24. The City generally admits that its understanding generally tracks the allegations in Paragraph 148 of the Complaint but cannot locate a mission statement of The Links, Inc. with the exact language quoted in the paragraph.

25. Paragraphs 151, 164, 176, and 196 of the Complaint "incorporate by reference" everything preceding them. These allegations should be disregarded because they are not plausibly-pleaded. Nonetheless, the City adopts and incorporates all responsive pleadings thereto in a corresponding manner.

26. As to Plaintiff's tort claims, the City invokes governmental immunity from suit, liability and damages.

27. As to Plaintiff's breach of contract claim, the City invokes the protections in Chapter 271.151, *et seq.*, of the Texas Local Government Code.

28. The City avers that it has twice attempted to pay Plaintiff all amounts due and owing under the poet laureate contract, but Plaintiff has refused or ignored payment.

29. The City pleads the affirmative defenses of accord and satisfaction, estoppel, laches, payment, license, and waiver.

30. The City pleads and invokes the Plaintiff's contributory fault.

31. The City denies, and intends to deny, each and every fact and contention in the Complaint that in any way reasonably may be inferred to suggest it is more likely – more likely, that is, than in the absence of such fact, contention or the inferences drawn from them – than not that the City is liable to Plaintiff under any theory of recovery or that Plaintiff suffered any damages attributable to the City. To the extent that this Answer contains any admission, or failure to deny any allegation made by Plaintiff, inconsistent with the City's denial and intent as

expressed in this paragraph, then this paragraph prevails, and the allegation is denied.

32. The City alleges that it entered a contract with Plaintiff on or about April 1, 2023. The term of the contract was 3 years. The contract required Plaintiff to perform to the satisfaction of the Director of the San Antonio Department of Arts and Culture. The contract required Plaintiff to refrain from discrimination based on race. The Plaintiff breached the contract on or about August 1, 2024, during the contract term, by writing a poem that includes a word known to be a racial slur against Black persons, and thereby discriminating based on race and performing below the threshold for satisfying the Director of the San Antonio Department of Arts and Culture. The City counterclaims against Plaintiff for declaratory judgment that Plaintiff breached said contract. The City seeks the award of its reasonable and necessary costs, to include attorney fees, in the prosecution of this counterclaim. The parties to this counterclaim are both before the Court: the City of San Antonio, Defendant/Counterclaimant, and Nephtali De Leon, Plaintiff/Counterdefendant. The Court has jurisdiction over the claim under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b), as all defendants live within this Division of the United States District Court for the Western District of Texas, and all events giving rise to this Counterclaim arose there.

WHEREFORE, PREMISES CONSIDERED, the City prays that judgment be entered that Plaintiff take nothing, that judgement be entered declaring that Plaintiff breached its contract with the City, and that the City recover all costs, to

include attorney fees reasonably incurred in the prosecution of its counterclaim, and all other relief to which it may be entitled.

Respectfully Submitted,

_____
SHAWN FITZPATRICK
FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283
(210) 408-6793
skf@fitzkoslaw.com
State Bar No. 00787474
*ATTORNEY FOR THE CITY OF SAN ANTONIO*

## CERTIFICATE OF SERVICE

I certify service of this instrument upon the following person(s) using the mandatory electronic filing and service system used by this Court on this the 8th day of October, 2024:

Margaret A. Little
Casey Norman
Jenin Younes
Margaret A. Little

_____
SHAWN FITZPATRICK